JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-00250-JLS-PVC     Date: April 04, 2022
Title: Orlando Garcia v. Figueroa Plaza, LLC et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                   Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (Doc. 26)**

Before the Court is Plaintiff's Application for Default Judgment. (App., Doc. 26; Mem., Doc. 26-1.) The Court previously took this matter under submission. (*See* Doc. 28.) For the following reasons, the Court DENIES Plaintiff's Application.

**I. BACKGROUND**

Plaintiff Orlando Garcia ("Garcia") is a California resident with physical disabilities; he is a level C-5 quadriplegic, suffers from Cerebral Palsy, and has manual dexterity issues. (Compl., Doc. 1, ¶ 1; Garcia Decl., Doc. 26-4, ¶ 2.)

In October 2020, Garcia went to the 99 Cents Plus Bargain Store located at or about 5207 S Figueroa St., Los Angeles, California ("the Store") "to avail himself of its goods and to assess the business for compliance with the disability access laws." (Compl. ¶¶ 4, 10.) The Store is open to the public, a place of public accommodation, and a business establishment. (*Id.* ¶ 11.) Garcia alleges that Defendant Figueroa Plaza, LLC owned the real property located at or about 5207 S Figueroa St., Los Angeles, California in October 2020 (and still does) and Defendant In-Chol Park owned the Store in October 2020 (and still does). (*Id.* ¶¶ 2-5; *see also* Evidence of Ownership, Doc. 26-7.)

During his visit to the Store, Garcia claims he encountered various barriers to the Store's accessibility such as the lack of an accessible sales counter, wheelchair accessible parking, or a wheelchair accessible path of travel. (Compl. ¶¶ 12-26.) Garcia alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-00250-JLS-PVC                                        Date: April 04, 2022
Title: Orlando Garcia v. Figueroa Plaza, LLC et al

he "will return to the Store to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Store and its facilities are accessible." (*Id.* ¶ 32.) Garcia also alleges that "these barriers are readily achievable to remove." (*Id.* ¶ 31.)

Garcia filed suit in this Court on January 12, 2021, asserting claims for violations of (1) the ADA, 42 U.S.C. § 12181 *et seq.*; and (2) the Unruh Act, Cal. Civ. Code § 51 *et seq.* (*See* Compl.) The Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Garcia's Unruh Act claim. (OSC, Doc. 17.) Plaintiff timely responded. (Response, Doc. 18.) After reviewing Plaintiff's response, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismissed it without prejudice to refiling in state court. (Doc. 23.) Only Garcia's ADA claim is at issue here.

Defendants were served with summons and copies of the Complaint on January 25, 2021 (Doc. 10) and February 4, 2021 (Doc. 11), but they failed to file an answer, enter appearances, or otherwise respond to the Complaint. On February 22, 2021 and March 1, 2021, Garcia requested entry of default. (Docs. 13, 15.) The Clerk entered defaults against the Defendants on February 23, 2021 and March 2, 2021. (Docs. 14, 16.)

Garcia filed the instant Application for Default Judgment on September 22, 2021. (*See.* App.) Plaintiff seeks injunctive relief, and $3,376.00 in attorney's fees and costs. (App. at 2.)

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default *judgment* must be preceded by an entry of default. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-00250-JLS-PVC                                    Date: April 04, 2022
Title: Orlando Garcia v. Figueroa Plaza, LLC et al

---

are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

     A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

     "If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).

### III.   DISCUSSION

     Although Garcia's application complies with Local Rule 55-1 and finds support in some of the *Eitel* factors, the Court denies the application on the grounds Garcia has failed to state a claim on which he may recover.

     Two of the *Eitel* factors go to a plaintiff's likelihood of success on the merits. Under these two factors, plaintiffs seeking default judgments must "state a claim on which [they] may recover." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citation omitted). "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trustees of*

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-00250-JLS-PVC | Date: April 04, 2022 |
| Title: Orlando Garcia v. Figueroa Plaza, LLC et al | |

*Sheet Metal Workers v. Moak*, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart*, 2010 WL 1048829, at *4 (citation omitted).

To prevail on an ADA claim, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)). Although there is no doubt that Garcia has a qualifying physical disability, there are a number of other defects in his claims.

First, although Garcia has alleged that the Store is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E), he has not sufficiently alleged facts showing that Defendants own, lease, or operate the Store. Perhaps to compensate for the pleading deficiencies, Garcia has provided some documentary evidence to corroborate that Defendant Figueroa Plaza, LLC owns the real property located at or about 5207 S Figueroa St, Los Angeles, California, but his exhibits contradict his claim that Defendant In-Chol Park owns the Store located at that address. (*See* Evidence of Ownership, at ECF 2.) Indeed, Garcia's evidence demonstrates only that In-Chol Park owned an establishment called Joon's Bargain at the listed address in November 2004. (*Id.*) Moreover, the link the Exhibit provides does not indicate that a 99 Cents Plus Bargain store is located at 5207 S Figueroa. Accordingly, the Court finds that entry of default against Defendant In-Chol Park would be inappropriate.

Second, Garcia has not adequately alleged that the Store presents architectural barriers prohibited under the ADA. Garcia asserts that he visited the Store in October 2020 and encountered architectural barriers with respect to the Store's: (1) sales counter,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-00250-JLS-PVC | Date: April 04, 2022 |
| Title: Orlando Garcia v. Figueroa Plaza, LLC et al | |

(2) wheelchair accessible parking space, (3) van accessible parking space, and (4) wheelchair accessible paths of travel.[1] (Mem. at 1; Compl. ¶ 12-24.) In addition to the Complaint's allegations, to establish these violations, Garcia has submitted a declaration by Jerome Hernandez ("Hernandez")—an investigator hired by Garcia to inspect the property—setting forth a handful of findings and photographs. (Hernandez Decl., Doc. 26-5; Photos of Non-Compliance, Doc. 26-6.) Garcia has failed to allege, however, that these barriers were prohibited by the ADA.

Barriers are defined by reference to the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). "Accessibility requirements can differ depending on when a public accommodation was constructed or last altered." *Langer v. Pac. Capital LLC*, 2017 WL 10509045, at *2 (C.D. Cal. Mar. 13, 2017); *Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1177-80 (9th Cir. 2017) (setting forth the Department of Justice's adoption of the 1991 ADAAG and subsequent adoption of revised standards in 2010, and the applicability of each set of standards based on alteration or construction date); *see also* 28 C.F.R. § 35.151(c)(1) ("If physical construction or alterations commence after July 26, 1992, but prior to [] September 15, 2010, then new construction and alterations subject to this section must comply either with the UFAS or the 1991 Standards[.]").

The Evidence of Ownership Garcia has submitted with the instant Application supports that the shopping center in which the Store is located was built in 1993, but it provides no information about when that center, or the Store, was last altered. (*See* Evidence of Ownership, at ECF 3.) Because Garcia has not alleged, or provided any evidence to support, that the center has been altered since it was built in 1993, the center may comply either with the 1991 ADAAG or with the Uniform Federal Accessibility Standards ("UFAS").

Garcia's Complaint alleges, vaguely, that "other features of the [Store's] parking . . . likely fail to comply with the ADA Standards," (Compl. ¶ 20), and his application

---

[1] The Court addresses only whether Defendants' failure to provide van accessible parking is an architectural barrier that violates the ADA because, as discussed further below, Garcia has failed to allege that the removal of barriers related to a wheelchair accessible sales counter, parking space, or path of travel is readily achievable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-00250-JLS-PVC　　　　　　　　　　　　　Date: April 04, 2022
Title: Orlando Garcia v. Figueroa Plaza, LLC et al

alleges a violation only under the 2010 ADA Standards for Accessible Design ("2010 Standards"). It states that "[u]nder the 2010 Standards, one in every six accessible parking spaces must be van accessible." (Mem. at 5; *see also* 2010 Standards § 208.2.4.) But neither in his Complaint, nor in his application, does Garcia allege facts demonstrating that Defendants must comply with the 2010 Standards, and Defendants may very well have chosen to comply with the 1991 ADAAG or the UFAS. Further, the 1991 ADAAG and UFAS do not require van-accessible parking spaces. And, in any case, the photographs Garcia has provided depict a relatively small parking lot; under the 2010 Standards, only one van accessible parking space is required for every six accessible parking spaces, and six accessible parking spaces are required in lots only of 151 to 200 parking spaces. *See* 2010 Standards, Table 208.2; § 208.2.4 Van Parking Spaces. There are nowhere near that many parking spaces in Defendants' parking lot. In sum, Garcia has failed to allege that the Store's lack of a van accessible parking space violates the ADA.

　　　Third, and finally, Garcia has not adequately alleged that removal of the barriers he cites is readily achievable. The Ninth Circuit recently held that "plaintiffs have the initial burden . . . of *plausibly showing* that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035 (9th Cir. 2020). Only then does the burden shift to defendant "to negate that showing and prove that the removal is *not* readily achievable." *Id.* at 1036. Although *Lopez* was decided at the summary judgment stage, courts in this circuit, including this Court, have applied the same framework where plaintiffs seek default judgment. *See, e.g., Johnson v. Cortese*, 2020 WL 7495164, at *5 (N.D. Cal. 2020); *Johnson v. In Suk Jun*, 2020 WL 6507995, at *5 (N.D. Cal. Nov. 5, 2020).

　　　Garcia's Complaint makes only the conclusory allegation that the "barriers identified above are easily removed without much difficulty or expense." (Compl. ¶ 31.) Even looking to Garcia's application and supporting evidence, he has failed to remedy the pleading deficiencies, and he has provided evidence establishing only that the creation of a van accessible parking space is readily achievable. (*See* Ex. 10 to App., Restriping Estimate, Doc. 26-12.) Garcia claims that 28 C.F.R. § 36.304(b) provides a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-00250-JLS-PVC  Date: April 04, 2022
Title: Orlando Garcia v. Figueroa Plaza, LLC et al

"non-exhaustive list of examples that are readily achievable to remove, including creating accessible parking spaces." (Mem. at 8.) That list, however, is merely a list of "[e]xamples of steps to remove barriers"; it does not provide that the removal of such barriers is presumptively readily achievable. *See* 28 C.F.R. § 36.304(b). Moreover, Garcia has not even attempted to allege facts to support that creating a wheelchair accessible sales counter or path of travel is readily achievable. Accordingly, Garcia has neither alleged that it is readily achievable to remove the remaining barriers, nor provided any evidence from which the Court could infer such allegations.

In sum, Garcia has failed to state a claim upon which he may recover; he has alleged no architectural barrier that both violates the ADA *and* whose removal is readily achievable. Thus, the *Eitel* factors do not favor granting default judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Application for Default Judgment is DENIED, as is Garcia's request for attorney's fees, and this action is DISMISSED.

Initials of Deputy Clerk: mku